IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

COMPLAINT OF:

CAMPBELL TRANSPORTATION COMPANY, INC.
as owner of the M/V Elizabeth M and
Barges HBL-8205 (Official Number 646167),
CTC962 (Official Number 690686),                Civil Action No. 5:05CV29
CGL7712 (Official Number 582252),                                (STAMP)
CTC7616 (Official Number 680679) and
CBL8412 (Official Number 672417),
for Exoneration or Limitation of Liability.

**MEMORANDUM OPINION AND ORDER
GRANTING CAMPBELL TRANSPORTATION COMPANY, INC.'S
MOTION TO TRANSFER JURISDICTION OF COMPLAINT
FOR EXONERATION OR LIMITATION OF LIABILITY AND
DENYING ALL OTHER PENDING MOTIONS WITHOUT PREJUDICE**

I.  Procedural History

On February 4, 2005, Campbell Transportation Company, Inc. ("Campbell"), filed this action for exoneration or limitation of liability in the United States District Court for the Western District of Pennsylvania.  On March 11, 2005, the United States District Court for the Western District of Pennsylvania entered a memorandum opinion and order transferring the case to this Court on the grounds that Rule F(9) of the Supplemental Rules dictates that venue properly lies in this district.  In that order, the United States District Court for the Western District of Pennsylvania stated:

> "[T]his Court finds that it is in the interests of justice to transfer the action to the Northern District of West Virginia rather than dismiss the action outright. That Court may then determine, if a party should move for a change of venue for forum non conveniens, whether that

forum or this [is] more convenient for the parties and witnesses."

Mem. Op. at 4. On March 16, 2005, the case was transferred to this Court.

On April 8, 2005, Campbell filed a motion requesting that this Court transfer jurisdiction of the case back to the Western District of Pennsylvania for the convenience of the parties and witnesses and in the interests of justice. The claimants responded in opposition, and Campbell replied. This motion is now fully briefed and ripe for review. After considering the parties' memoranda and the applicable law, this Court grants Campbell's motion to transfer jurisdiction.

## II. Facts

This case arises from an accident that occurred on January 9, 2005 at approximately Mile 31, Left Descending Bank of the Ohio River, Beaver County, Pennsylvania. On that date, the Motor Vessel Elizabeth M ("M/V Elizabeth M") and two of the barges in her tow were swept through the gates of the Montgomery Dam and sunk. The remaining four barges carried in tow by the M/V Elizabeth M sunk shortly upstream of the dam in Beaver County, Pennsylvania. Four crewmembers died as a result of the accident, and three crewmembers survived.

Campbell is a Pennsylvania corporation with its headquarters in Dunlevy, Washington County, Pennsylvania. The Montgomery Lock and Dam is located in the Western District of Pennsylvania and is

operated and maintained by the Pittsburgh, Pennsylvania District of the United States Army Corps of Engineers. On the day of the accident, the M/V Elizabeth M and the six barges in her tow operated from Dunlevy, Pennsylvania.

At the time of the accident, five of the M/V Elizabeth M crewmembers resided in the Western District of Pennsylvania (Captain George Zappone, Pilot Rick Conklin, Deckhand Jacob Wilds, Deckhand Thomas Fisher, and Deckhand Ed Crevda), while one resided in Wheeling, West Virginia (Pilot Scott Stewart) and one resided in Powhatan Point, Ohio (Deckhand John Thomas).

### III. Applicable Law

Campbell has filed its motion to transfer jurisdiction pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims. This Rule states in pertinent part:

> For the convenience of the parties and witnesses, in the interest of justice, the court may transfer the action to any district; if venue is wrongly laid the court shall dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought.

Fed. R. Civ. P., Supp. R. Admiralty and Maritime Claims F(9).

Title 28, United States Code, Section 1404(a) provides a federal court with the discretion to transfer a case to another district in which it could have originally been brought "[f]or the convenience of the parties and witnesses, in the interest of justice . . ." 28 U.S.C. § 1404(a) (2000). This rule is intended to allow a court to transfer venue in order to "make trial of a

case easy, expeditious, and inexpensive." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).

The decision to transfer venue is left to the sound discretion of the trial court. Southern Ry. Co. v. Madden, 235 F.2d 198, 201 (4th Cir. 1956), cert. denied, 352 U.S. 953 (1956). In making this determination, a court should consider:

> (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

Alpha Welding & Fabricating Co. v. Heller, 837 F. Supp. 172, 175 (S.D. W. Va. 1993). The movant typically bears the burden of demonstrating that transfer is proper. Versol B.V. v. Hunter Douglas, Inc., 806 F. Supp. 582, 592 (E.D. Va. 1992). The Supreme Court of the United States has further stated that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil, 330 U.S. at 508.

## IV. Discussion

In its motion to transfer jurisdiction, Campbell contends that this case is more appropriately tried in the Western District of Pennsylvania. Campbell cites the following in support of its motion: (1) the accident occurred in the Western District of Pennsylvania; (2) five of the seven crewmembers resided within the Western District of Pennsylvania; (3) all of the personal injury

4

claims filed in this action are for crew members who resided in the Western District on the day of the casualty; (4) Campbell is a Pennsylvania corporation and its employees are hired in Dunlevy, Pennsylvania; (5) all critical non-party witnesses who will be called to testify in this case, such as the Lock and Dam employees, salvors, divers, and surveyor, work and/or live in Pennsylvania; (6) the crewmembers were treated by EMS teams and at hospitals located in the Western District, and Zappone and Wilds continue to receive care from Western Pennsylvania healthcare providers; (7) the majority of the Coast Guard personnel involved in the investigation of the accident are stationed at the Coast Guard offices in Pittsburgh, Pennsylvania; and (8) all physical evidence and relevant documentation is located in the Western District.

In response, the claimants argue that Campbell has failed to show that the balance of convenience weighs heavily in its favor. They argue that, given the close proximity of this Court to the Western District of Pennsylvania, there is no great hardship for any parties or witnesses to appear in this Court. Rather, they argue that for some, this Court is actually the more convenient forum. Further, they argue that the relevant documents can be produced anywhere.

In its reply, Campbell argues that transfer to the Western District is necessary to prevent forum shopping. Campbell argues that the claims in this action have no real connection with West

Virginia.  Campbell asserts that the accident occurred in Pennsylvania and involves a Western Pennsylvania company and residents, and, therefore, this action is appropriately heard in the Western District of Pennsylvania.  Finally, Campbell argues that, contrary to the assertion of the claimants, Campbell does not maintain any land facility in the Northern District of West Virginia, but admittedly does business in this district.

After thorough consideration, this Court agrees with Campbell that this action is appropriately transferred to the United States District Court for the Western District of Pennsylvania.  In support of this conclusion, this Court will analyze each of the <u>Alpha Welding</u> factors in turn.

First, this Court finds that, given the close proximity of the two courthouses, there is ease of access to sources of proof in either venue.  Thus, this factor does not change the balance in the analysis.  This is also true with respect to factors two through five:  the convenience of the parties and witnesses, the cost of obtaining the attendance of witnesses, the availability of compulsory process, and the possibility of a view.

Consequently, the key factors in this case are the interest in having local controversies decided at home and the interests of justice.  As noted by Campbell, these factors weigh strongly in favor of a transfer to the Western District of Pennsylvania. Pennsylvania courts have an interest in adjudicating this

controversy, as the injury occurred there and many of the claimants and numerous witnesses are Pennsylvania residents.

In conclusion, this Court finds that, upon weighing the factors articulated in <u>Alpha Welding</u>, the balance is strongly in favor of a transfer of this action to the United States District Court for the Western District of Pennsylvania. Accordingly, Campbell's motion to transfer jurisdiction is hereby granted.

## V. <u>Conclusion</u>

For the reasons stated above, Campbell's motion to transfer jurisdiction is GRANTED. All other pending motions in this case are hereby DENIED WITHOUT PREJUDICE to refiling in the United States District Court for the Western District of Pennsylvania. This case is hereby TRANSFERRED to the United States District Court for the Western District of Pennsylvania.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and the United States District Court for the Western District of Pennsylvania.

DATED:   May 4, 2005

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE